Pamela Brown Jones, Esq.
NJ ID#: 008961998
WEISS & PAARZ
2600 New Road, Suite A
Northfield, NJ 08225
(609) 641-8400
ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER BACSENKO<br><br>Plaintiffs,<br><br>v.<br><br>CFG HEALTH SYSTEMS LLC; CFG HEALTH NETWORK; COUNTY OF ATLANTIC, NEW JERSEY; ATLANTIC COUNTY JUSTICE FACILITY; BENJAMIN ROBINSON, M.D.; ROBERT EDSON, LPN; TIFFANY SCHWEITZER, RN; JOHN DOE PHYSICIANS A-Z (fictitious names for unknown physicians); JOHN DOE NURSES A-Z (fictitious names for unknown nurses) JOHN DOE PERSONNEL A-Z (fictitious names for unknown medical personnel) JOHN DOE EMPLOYERS A-Z (fictitious names for unknown entities); j/s/a,<br><br>Defendants. | CIVIL ACTION NO:<br><br>COMPLAINT |

## **PARTIES**

1. Jennifer Bacsencko (hereinafter "plaintiff") who currently resides in Philadelphia Pennsylvania was an inmate in the Atlantic County Justice Facility located in Mays Landing, New Jersey in June and July of 2016.

2. The County of Atlantic is a governmental entity formed under the laws of the State of New Jersey.

3. The Atlantic County Justice Facility (hereinafter "defendant ACJF") is a jail operated and controlled by defendant County of Atlantic.

4. The ACJF and the County of Atlantic acted under color of state law with respect to the issues in this case.

5. Upon information and belief defendant CFG Health Systems LLC and CFG Health Network (hereinafter "defendant CFG") are companies doing business in the State of New Jersey contracted by the ACJF to provide medical services at the ACJF medical unit.  Defendant CFG is responsible for detecting, treating and responding to the medical needs of the inmates at the ACJF.

6. Upon information and belief at all relevant times Benjamin Robinson, M.D. (hereinafter "defendant Robinson") was a physician employed by defendant CFG; County of Atlantic and/or John Doe Employer A-Z.

7. Upon information and belief, at all relevant times Robert Edson, LPN (hereinafter "defendant Edson") was a nurse employed by defendant CFG; County of Atlantic and/or John Doe Employer A-Z.

8. Upon information and belief, at all relevant times defendant Tiffany Schwitzer, RN (hereinafter "defendant Schweitzer") was a nurse employed by CFG; County of Atlantic and/or John Doe Employer A-Z.

9. Upon information and belief defendants, John Doe Physicians A-Z (fictitious name for unknown physicians), were any physicians who participated in any way in the plaintiff's care during all relevant periods of time.

10. Upon information and belief, defendants, John Doe Nurses A-Z (fictitious name for unknown nurses), were any nurses, nurse practitioners, advanced practice

nurses or other licensed nurses who participated in any way in the plaintiff's care during all relevant periods of time.

11. Upon information and belief, defendants, John Doe Personnel A-Z (fictitious name for unknown personnel), were any physician assistants, technicians, corrections officers or other medical, staff or administrative personnel who participated in any way in plaintiff's care during all relevant periods of time.

12. Upon information and belief, the defendants, John Doe Employers A-Z (fictitious name for unknown employers), are citizens or corporations incorporated under the laws of a State of the United States that employed any of the parties that participated in any way in the plaintiff's care during all relevant periods of time.

13. The fictitiously named defendants are persons or entities whose identities have not yet been learned despite the exercise of reasonable diligence.

## **FACTS**

14. On or about July 2, 2016 thru July 4, 2016 plaintiff, Jennifer Bacsenko, was under the care of defendants CFG, County of Atlantic, Atlantic County Justice Facility, Benjamin Robinson, M.D., Robert Edson, LPN, and Tiffany Schweitzer, RN, John Doe Physicians A-Z; John Doe Nurses A-Z, John Doe Personnel A-Z.

15. During the above referenced period of time plaintiff had numerous neurological complaints including pain, numbness and weakness in her extremities and an inability to urinate.

16. On July 4, 2016 plaintiff was admitted to the hospital and subsequently underwent surgery on her spine.

17. Plaintiff is a quadriplegic and currently resides in a nursing home.

18. Plaintiff filed a timely notice under the New Jersey Tort Claims Act.

## JURISDICTION

19. The United States District Court for the District of New Jersey has subject matter jurisdiction over this matter pursuant to to 28 U.S.C.A. §1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

20. Venue is conferred pursuant to 28 U.S.C.A § 1391 and is appropriate in the United States District Court for the District of New Jersey in as much all defendants reside and a substantial part of the events or omissions giving rise to the claim occurred in New Jersey. Venue is further conferred in the Camden Vicinage because the location of the events at issue occurred in Atlantic County which is included in the Camden Vicinage.

## FIRST COUNT

21. Plaintiff repeats each and every allegation of paragraphs 1 through 21 as set forth herein in length.

22. On or about July 2, 2015 to July 4, 2016 defendant Robinson was responsible for rendering medical services to the plaintiff.

23. At all relevant times defendant Robinson held himself out to be a licensed physician of the State of New Jersey specializing in the field of internal medicine.

24. Defendant Robinson was negligent and/or deviated from the applicable standard of care in his care and treatment of plaintiff in such ways as discovery may reveal.

25. During defendant Robinson's treatment of plaintiff he did not advise plaintiff of all of the risks and consequences associated with his recommended course of treatment or the medically accepted alternatives to the recommended course of

treatment.

26. Defendant Robinson was negligent in failing to provide plaintiff with information that a prudent patient in plaintiff's position would deem material in deciding to undergo the recommended medical treatment.

27. A prudent patient in plaintiff's position, being properly informed of the risks of the recommended medical treatment and its medically acceptable alternatives would have declined the course of treatment undertaken by defendant Robinson .

28. As a result of defendant Robinson's negligence and breach of the obligation of informed consent as aforesaid, plaintiff was caused to suffer serious and permanent injuries, losses and expenses and such other damages as discovery may reveal.

29. The above said deviations and negligence by defendant Robinson were a proximate cause of severe and permanent neurological damage to plaintiff, and/or substantially increased her risk of same, as well as causing her to incur losses, damages and expenses with respect thereto.

30. At all times that defendant Robinson treated plaintiff, he did so as the actual or apparent agent, servant and/or employee of defendant CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities).

31. Under the doctrines of <u>respondeat superior</u> and <u>apparent authority</u>, defendant CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) is responsible for the negligent acts committed by defendant Robinson and the damages suffered by plaintiff as a result thereof.

**WHEREFORE**, plaintiff demands judgment on this Count against defendants Benjamin Robinson, M.D.; CFG; County of Atlantic; ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) for damages, losses and expenses, together with interest and costs of suit.

## *SECOND COUNT*

32. Plaintiff repeats each and every allegation of paragraphs 1 through 32 as set forth herein in length.

33. On or about July 2, 2015 to July 4, 2016 defendants Edson and Schweitzer were responsible for rendering medical services to the plaintiff.

34. During all relevant periods of time defendants Edson and Schweitzer held themselves out to be and were licensed nurses in the State of New Jersey.

35. Defendants, Edson and Schweitzer were negligent and/or deviated from the applicable standard of care in their care and treatment of plaintiff in such ways as discovery may reveal.

36. As a result of defendants Edson's and Schweitzer's negligence plaintiff was caused to suffer serious and permanent injuries, losses and expenses and such other damages as discovery may reveal.

37. The above said deviations and negligence by defendants Edson and Schweitzer were a proximate cause of severe and permanent neurologic damage to plaintiff, and/or substantially increased his risk of same, as well as causing him to incur losses, damages and expenses with respect thereto.

38. At all times that defendants Edson and Schweitzer were responsible for providing medical services to plaintiff, they did so as the actual or apparent agents, servants and/or employees of defendants CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities).

30. Under the doctrines of respondeat superior and apparent authority, defendant CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious

names for unknown entities) are responsible for the negligent acts committed by defendants Edson and Schweitzer and the damages suffered by plaintiff as a result thereof.

**WHEREFORE**, plaintiffs demand judgment on this Count against defendants, Edson, Schweitzer, CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) for damages, losses and expenses, together with interest and costs of suit.

### *THIRD COUNT*

40. Plaintiff repeats each and every allegation of paragraphs 1 through 40 as set forth herein in length.

41. During the above said admission defendant John Doe Physician A-Z (fictitious names for unknown physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and/or John Doe Medical Providers (fictitious name for unknown medical providers) rendered medical services to the plaintiff.

42. During all relevant periods of time John Doe Physician A-Z (fictitious names for unknown physicians) held himself or herself out to be and was a licensed physician in the State of New Jersey.

43. During all relevant periods of time John Doe Nurse A-Z (fictitious names for unknown nurses) held himself or herself out to be and was a licensed nurse in the State of New Jersey.

44. Defendant, John Doe Physician A-Z (fictitious names for unknown physicians) John Doe Nurse A-Z (fictitious names for unknown nurses) and/or John Doe Medical Providers (fictitious name for unknown medical providers) were negligent and/or deviated from the applicable standard of care in their care and treatment of plaintiff in such ways as discovery may reveal.

45. During defendant John Doe Physician's A-Z (fictitious names for unknown physicians) and/or John Doe Nurse A-Z (fictitious names for unknown nurses) treatment of plaintiff he or she did not advise plaintiff of all of the risks and consequences associated with his or her recommended course of treatment or the medically accepted alternatives to the recommended course of treatment.

46. Defendant John Doe Physician A-Z (fictitious names for unknown physicians) and/or John Doe Nurse A-Z (fictitious names for unknown nurses) were negligent in failing to provide plaintiff with information that a prudent patient in plaintiff's position would deem material in deciding which acceptable treatment alternative to either accept or reject.

47. A prudent patient in plaintiff's position, being properly informed of the risks of the recommended medical treatment and its medically acceptable alternatives would have declined the course of treatment undertaken by defendant John Doe Physician A-Z (fictitious names for unknown physicians) and/or John Doe Nurse A-Z (fictitious names for unknown nurses) and would have chosen a different alternative.

48. As a result of defendant John Doe Physician's A-Z (multiple fictitious physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and/or John Doe Medical Providers (fictitious name for unknown medical providers) negligence and/or breach of the obligation of informed consent as aforesaid, plaintiff was caused to suffer serious and permanent injuries, losses and expenses and such other damages as discovery may reveal.

49. The above said deviations and negligence by defendant John Doe Physician A-Z (multiple fictitious physicians) John Doe Nurse A-Z (fictitious names for

unknown nurses) and/or John Doe Medical Providers (fictitious name for unknown medical providers) were a proximate cause of severe and permanent neurological damage to plaintiff, and/or substantially increased his risk of same, as well as causing him to incur losses, damages and expenses with respect thereto.

50. At all times that defendant John Doe Physician A-Z (multiple fictitious physicians) John Doe Nurse A-Z (fictitious names for unknown nurses) and/or John Doe Medical Providers (fictitious name for unknown medical providers) treated plaintiff, he or she did so as the actual or apparent agent, servant and/or employee of defendant CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities).

51. Under the doctrines of respondeat superior and apparent authority, defendant CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) is responsible for the negligent acts committed by defendant John Doe Physician A-Z (multiple fictitious physicians) John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Medical Providers (fictitious name for unknown medical providers) and the damages suffered by plaintiff as a result thereof.

**WHEREFORE**, plaintiffs demand judgment on this Count against defendants, John Doe Physician A-Z (multiple fictitious physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Medical Providers (fictitious name for unknown medical providers) CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) for damages, losses and expenses, together with interest and costs of suit.

### *FOURTH COUNT*

52. Plaintiff repeats the allegations of paragraphs 1 through 52 as if set forth herein at length.

53. Plaintiff alleged that an insufficient time has passed within which to determine the true identity of these individuals, or alternatively, that said information will not become available to plaintiff until litigation is commenced. For the purposes of the within Complaint, said individuals and business entities have been designated as Defendants John Doe Physician A-Z (multiple fictitious physicians) John Doe Nurse A-Z (fictitious names for unknown nurses) John Doe Medical Personnel (fictitious name for unknown personnel); and John Doe Medical Employers A-Z (fictitious name for unknown employers).

54. Plaintiff reserves the right to amend the within Complaint to add additional defendants when and if the identity of said individuals or business entities becomes know.

**WHEREFORE**, plaintiff demands judgment against defendants John Doe Physician A-Z (multiple fictitious physicians) John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Personnel (fictitious name for unknown personnel) and John Doe Medical Employers A-Z (fictitious name for unknown employers). jointly, severally, or in the alternative for damages, losses, and expenses together with interest and costs of suit.

### *FIFTH COUNT*

55. Plaintiff repeats the allegations of paragraphs 1 through 55 as if set forth herein at length.

56. The Eighth Amendment prohibits cruel and unusual punishment for those held in a jail or prison and requires that prison officials provide inmates with adequate care.

57. The medical care provided to plaintiff by CFG, County of Atlantic and ACJF and its employees failed to meet this standard.

58. The defendants acted with recklessness and deliberate indifference when

they failed to provide necessary treatment; failed to take plaintiff's complaints seriously, failed to send her for adequate medical care, diagnostic testing or get her a timely consult with specialists.

59.     Defendants acted with recklessness and deliberate indifference when they ignored and failed to treat plaintiff's injury, causing it to worsen.

60.     Defendants had a policy and custom in place that deprived plaintiff of her civil rights in that defendants' policy and custom for referring patients for emergency medical care was deficient or improperly implemented.

61.     The defendants acted under color of state law.

62.     The inability to walk and spontaneously urinate are serious medical problems that were recognized by the defendant medical care providers. Despite that knowledge the defendant medical providers failed to ensure that plaintiffs received immediate attention of a specialist and specialized care in a hospital.

63.      As a direct and proximate result of defendants' recklessness and deliberate indifference regarding  their own policies; the failure to properly treat plaintiff's condition and neglect in providing appropriate referrals and treatment; plaintiff has been exposed to catastrophic permanent injury.

**WHEREFORE**, plaintiffs demand judgment on this Count against defendants, Benjamin Robinson, M.D.; Robert Edson, LPN; Tiffany Schwitzer RN; John Doe Physician A-Z (multiple fictitious physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Medical Providers (fictitious name for unknown medical providers) CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) jointly, severally and in the alternative for compensatory and punitive damages, reasonable attorneys' fees and cost and the imposition of the statutory penalty as provided for at N.J.S.A. 10:6-2 (e)(f).

## SIXTH COUNT

64. Plaintiff repeats the allegations of paragraphs 1 through 64 as if set forth herein at length.

65. Plaintiff is guaranteed the right to life and the pursuit of safety and happiness under Article 1, Paragraph 1 of the New Jersey State Constitution.

66. Plaintiff is guaranteed the right to be free from cruel and unusual punishment under Article 1, Paragraph 12 of the New Jersey State Constitution.

67. Both directly under the New Jersey State Constitution and pursuant to N.J.S.A. 10:6-2 plaintiff is entitled to a civil action and award of damages for a violation of these rights.

68. As set forth above, defendants denied plaintiff his right guaranteed under the United States and New Jersey State Constitutions.

69. As a direct and proximate result of defendants' violations of plaintiff's rights guaranteed under the United States and New Jersey Constitution she has been permanently and significantly injured.

**WHEREFORE**, plaintiffs demand judgment on this Count against defendants, John Doe Physician A-Z (multiple fictitious physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Medical Providers (fictitious name for unknown medical providers) CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities) jointly, severally and in the alternative for compensatory and punitive damages, reasonable attorneys' fees and cost and the imposition of the statutory penalty as provided for at N.J.S.A. 10:6-2 (e).

## *SEVENTH COUNT*

70. Plaintiff repeats each and every allegation of the preceding Counts and makes them paragraph one of this Count.

**WHEREFORE**, plaintiff demands judgment on this Count against defendants Benjamin Robinson, M.D.; Robert Edson, LPN; Tiffany Schweitzer RN; John Doe

Physician A-Z (multiple fictitious physicians); John Doe Nurse A-Z (fictitious names for unknown nurses) and John Doe Medical Providers (fictitious name for unknown medical providers) CFG, County of Atlantic, ACJF and/or John Doe Employer A-Z (fictitious names for unknown entities)jointly, severally and in the alternative, for damages, losses, and expenses together with interest and costs of suit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right pursuant to F.R.CP. 38(b)(1) and 38 (c).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands upon Defendants

a. Actual compensatory damages

b. Pre and Post Judgement interest as allowed by law

c. An aware of attorneys' fees as allowed by law

d. Punitive damages as allowed by law

e. Any and all such further relief as the Court deems just


**WEISS & PAARZ**


BY: s/ Julie Nugent_____
     JULIE NUGENT ESQ.


Dated 5/19/2017