```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

       ─────────────────────────────

   JENNIFER BACSENKO,              1:17-cv-03581-NLH-AMD

          Plaintiff,                **OPINION**

          v.

   CFG HEALTH SYSTEMS, LLC,
   BENJAMIN ROBINSON, MD, ROBERT
   EDSON, LPN, TIFFANY
   SCHWEITZER, RN, COUNTY OF
   ATLANTIC, NEW JERSEY, et al.,

          Defendants.

       ─────────────────────────────

**APPEARANCES:**

JULIE E. NUGENT
WEISS & PAARZ PC
2600 NEW ROAD
SUITE A
NORTHFIELD, NJ 08225
    On behalf of Plaintiff

STEPHEN D. HOLTZMAN
JEFFREY S. MCCLAIN
HOLTZMAN & MCCLAIN, PC
524 MAPLE AVENUE
SUITE 200
LINWOOD, NJ 08221
    On behalf of Defendants CFG Health Systems, LLC, Benjamin
    Robinson, MD, Robert Edson, LPN, Tiffany Schweitzer, RN

JAMES T. DUGAN
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 ATLANTIC AVENUE
8TH FLOOR
ATLANTIC CITY, NJ 08401
    On behalf of County of Atlantic

**HILLMAN, District Judge**

Presently before the Court is the motion of Plaintiff to deem adequate the "affidavit of merit" she has provided pursuant New Jersey's Affidavit of Merit statute, N.J.S.A. 2A:53A-26, et seq. For the reasons expressed below, Plaintiff's motion will be denied on procedural grounds.

## BACKGROUND & DISCUSSION

Plaintiff, Jennifer Bacsenko, claims, *inter alia*,[1] that on July 2, 2016 while she was serving a sentence at Atlantic County Justice Facility, Defendants Benjamin Robinson, MD, Tiffany Schweitzer, RN, and Robert Edson, LPN, deviated from acceptable standards of care in failing to properly evaluate, diagnose and treat a spinal infection, which ultimately resulted in Plaintiff becoming quadriplegic.

In a case such as this one which alleges medical malpractice under New Jersey law, a plaintiff must comply with New Jersey's Affidavit of Merit statute.[2] The statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an

---

[1] Although not explicitly set forth in Plaintiff's complaint, this Court exercises subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's Eighth Amendment violation claims, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claims.

[2] The Affidavit of Merit statute must be applied by federal courts resolving claims against licensed professionals under New Jersey state law. Chamberlain v. Ciampapa, 210 F.3d 154, 158 (3d Cir. 2000)

> alleged act of malpractice or negligence by a licensed
> person in his profession or occupation, the plaintiff
> shall, within 60 days following the date of filing of
> the answer to the complaint by the defendant, provide
> each defendant with an affidavit of an appropriate
> licensed person that there exists a reasonable
> probability that the care, skill or knowledge exercised
> or exhibited in the treatment, practice or work that is
> the subject of the complaint, fell outside acceptable
> professional or occupational standards or treatment
> practices.[3] The court may grant no more than one
> additional period, not to exceed 60 days, to file the
> affidavit pursuant to this section, upon a finding of
> good cause.

N.J.S.A. 2A:53A-27. The New Jersey Legislature enacted the Affidavit of Merit statute for a dual purpose: "to weed out frivolous lawsuits early in the litigation while, at the same time, ensuring that plaintiffs with meritorious claims will have their day in court." Ferreira v. Rancocas Orthopedic Associates, 836 A.2d 779, 782-83 (N.J. 2003). The failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice, although there are exceptions based on equitable considerations. Meehan v. Antonellis, 141 A.3d 1162, 1169 (N.J. 2016) (citation omitted).

Specifically in a medical malpractice case, "the person providing the affidavit must meet the requirements of N.J.S.A. 2A:53A-41, a provision of the New Jersey Medical Care Access and Responsibility and Patients First Act, which was enacted in

---

[3] Pursuant to N.J.S.A. 2A:53A-26, "licensed person" includes "a physician in the practice of medicine or surgery" and "a health care facility."

3

2004." Buck v. Henry, 25 A.3d 240, 246-47 (N.J. 2011). "The basic principle behind N.J.S.A. 2A:53A-41 is that 'the challenging expert' who executes an affidavit of merit in a medical malpractice case, generally, should 'be equivalently-qualified to the defendant' physician." Id. at 247 (quoting Ryan v. Renny, 999 A.2d 427 (N.J. 2010)). The statute sets forth three categories embodying this kind-for-kind rule: (1) those who are specialists in a field recognized by the American Board of Medical Specialties (ABMS) but who are not board certified in that specialty; (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and (3) those who are "general practitioners." Id. at 247.

In this case for the time period at issue, Defendant Dr. Benjamin Robinson was a "general practitioner." Thus, the relevant provision of N.J.S.A. 2A:53A-41 provides:

> If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to:
>
> (1) active clinical practice as a general practitioner; or active clinical practice that encompasses the medical condition, or that includes performance of the procedure, that is the basis of the claim or action; or
>
> (2) the instruction of students in an accredited medical school, health professional school, or accredited residency or clinical research program in the same health care profession in which the party against whom or on whose

4

behalf the testimony is licensed; or

(3) both.

N.J.S.A. 2A:53A-41(b).

In her instant motion styled "Motion to Deem the Affidavit of Merit by Dr. Mark Graham Sufficient," Plaintiff is seeking the Court's determination that her "appropriate licensed person" complies with the statutory requirements and therefore cannot be challenged by Defendants.[4] Plaintiff argues that Dr. Mark Graham, who is an internist, satisfies N.J.S.A. 2A:53A-41(b) because during the year immediately preceding the date of the occurrence that is the basis for the action, he had an active clinical practice that encompassed the recognition of signs and symptoms of a serious spinal infection, which is the same obligation of a general practitioner such as Defendant Dr. Robinson. Plaintiff further argues that Dr. Graham satisfies the statutory requirements for a kind-for-kind affiant because he instructed medical students in general primary care medicine, which is the same as Defendant Dr. Robinson's practice.

In opposition to Plaintiff's motion, Defendant Dr. Robinson argues that because Dr. Graham is double-board certified in

---

[4] Plaintiff has also asserted medical malpractice claims against two nurses, whom Plaintiff classifies as licensed professionals. Plaintiff has recently filed an affidavit of merit to support her malpractice claims against those defendants. (Docket No. 34.)

5

internal medicine, and is considered a specialist, he does not qualify as a kind-for-kind affiant for Defendant's status as a general practitioner.

The Court declines to decide this issue by way of Plaintiff's current motion. The Court is aware that in New Jersey state court, a conference early in a professional negligence case, called a Ferreira conference, is held dedicated to the determination of whether a plaintiff is required to provide an affidavit of merit, and whether a provided affidavit is sufficient to comply with the statute. A.T. v. Cohen, --- A.3d ---, 2017 WL 6398723, at *7 (N.J. Dec. 14, 2017) (citing Ferreira, 836 A.2d at 785). In New Jersey state court, it is during the Ferreira conference that the defendant presents its challenges to the plaintiff's affidavit.[5]

---

[5] The Ferreira court held:

> To ensure that discovery related issues, such as compliance with the Affidavit of Merit statute, do not become sideshows to the primary purpose of the civil justice system - to shepherd legitimate claims expeditiously to trial - we propose that an accelerated case management conference be held within ninety days of the service of an answer in all malpractice actions. Our rules already provide for case management conferences in civil cases. Expediting the schedule in malpractice cases will further the intent of our Best Practice rules: to resolve potential discovery problems before they become grist for dueling motions. At the conference, the court will address all discovery issues, including whether an affidavit of merit has been served on defendant. If an affidavit has been served, defendant will be required to advise the court whether he has any objections to the adequacy of the

6

The federal district courts do not provide litigants with Ferreira conferences, however. See Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 304-05 (3d Cir. 2012) (finding that the New Jersey state court accelerated Ferreira conference was procedural, rather than substantive state law like the Affidavit of Merit statute itself, and therefore not required to be applied in federal court).[6] Thus, there is no specific delineated procedure in federal court in which a defendant may informally challenge the provided affidavit, or where a plaintiff may obtain assurances of her compliance with the Affidavit of Merit statute.

Apparently recognizing that the protections of a Ferreira conference are not afforded in federal court, Plaintiff filed

---

affidavit. If there is any deficiency in the affidavit, plaintiff will have to the end of the 120-day time period to conform the affidavit to the statutory requirements. If no affidavit has been served, the court will remind the parties of their obligations under the statute and case law.

Ferreira v. Rancocas Orthopedic Associates, 836 A.2d 779, 785 (N.J. 2003).

[6] The Nuveen court explained that in Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000), it held that the statute was "substantive state law that must be applied by federal courts sitting in diversity" because Federal Rules of Civil Procedure 8 and 9 did not "collide" with the statute under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), and its progeny. Nuveen Mun. Trust, 692 F.3d at 300.

her instant motion in order to obtain the same result as a Ferreira conference – namely, a judicial imprimatur that she has complied with the statute and her case can proceed past the statute's gatekeeping process of screening out frivolous malpractice lawsuits.  Although the Court understands Plaintiff's concerns and the reason behind her motion, it is procedurally improper or at least misnamed.

The Third Circuit has instructed that a deficient affidavit of merit is an affirmative defense, and ordinarily it is the defendant – not the plaintiff - who raises any deficiency through a motion filed after the pleadings are complete. Kadonsky v. Abu Ahsan, 2017 WL 3427975, at *1 (D.N.J. August 9, 2017) (quoting Nuveen Mun. Trust, 692 F.3d at 300) ("[A] defendant seeking to 'dismiss' an action based on the plaintiff's failure to file a timely affidavit [of merit] should file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6) [, because] the affidavit [of merit] is not a pleading requirement.").

At this point in the proceedings, Plaintiff's affidavit of Dr. Graham is presumptively in compliance with the Affidavit of Merit statute unless Defendant Dr. Robinson successfully challenges the sufficiency of the affidavit through the filing

of an appropriate motion seeking that relief.[7]  The Court recognizes that if the defendant has not so moved and no Ferreira conference - denominated as such - has occurred in federal court that a plaintiff, or any counsel more accustomed to state procedure, may have some concern that peril lurks in failing to join this issue early in the litigation.[8]

The answer to this dilemma would seem to lie in the Federal

---

[7] The Court notes that the filing date for an affidavit of merit is calculated from the filing of an answer.  Since an affidavit of merit is not a pleading requirement, judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is not the proper procedural vehicle.  Accordingly, a motion for summary judgment pursuant to Fed. R. Civ. P. 56(a) is the only viable option to join this issue when contested.  See Nuveen Mun. Trust, supra (directing that a defendant who seeks to "dismiss" a plaintiff's claims for an insufficient affidavit of merit must file a motion for summary judgment under Rule 56, and not a motion to dismiss for failure to state a claim under Rule 12(b)(6), because the affidavit of merit is not a pleading requirement).

[8] See Paragon Contrs., Inc. v. Peachtree Condo. Ass'n, 997 A.2d 982, 987 (N.J. 2010) ("[O]ur creation of a tickler system to remind attorneys and their clients about critical filing dates plainly cannot trump the statute.  In other words, the absence of a Ferreira conference cannot toll the legislatively prescribed time frames."); see also A.T. v. Cohen, --- A.3d ---, 2017 WL 6398723, at *7 (N.J. Dec. 14, 2017) (finding that the court, by making the Ferreira conference mandatory, had attempted to create a "failsafe mechanism" "to promote adherence to the AMS's salutary goal of promptly culling frivolous malpractice claims and to promote the effective use of court and attorney resources so that meritorious cases may advance efficiently," but because that mechanism has failed, "more improvement in our mechanisms" was necessary, and concluding, however, with "a cautionary note" that "[c]ounsel are on notice that disregarding the scheduling of the conference, or waiving the conference, will not provide a basis for relief from AMS obligations").

Rules of Civil Procedure, more specifically Rules 16 and 56. Initially, this Court assumes that a vigilant plaintiff will raise the issue of the sufficiency of an affidavit of merit at either the Rule 16 conference or ask that the issue be addressed in the Rule 16(b) scheduling order.[9] By rule and general practice, the time period for such a conference and the corresponding scheduling order approximates the timeframes contemplated by case management practices set forth in Ferreira and its progeny.[10] See Fed. R. Civ. P. 16(a)(providing for

---

[9] Because the Rule 16(a) conference and issuance of a Rule 16(b) scheduling order, although interrelated, are separate procedural events and may occur on different dates, this Court would leave to the sound discretion of the magistrate judge and his or her own case management procedures how and when an affidavit of merit issue is addressed in the ordinary course of implementing Rule 16. In light of the developing law in this area, it may also be appropriate for this Court to consider an appropriate amendment to Local Civ. R. 16.1(a)(2) to expressly incorporate a Ferreira-like procedure.

[10] The Court notes here that a defendant contesting an affidavit of merit may not delay the Rule 16 process on that basis since the issue is joined only through the assertion of an affirmative defense in an answer. Thus, a defendant may not ask for an adjournment of the Rule 16 conference because of a pending motion to dismiss on that issue. See Local Civ. R. 16.1(a)(1). As the Court of Appeals has noted and this Court holds here, the defense of an inadequate affidavit of merit may only be raised by a motion for summary judgment. See Nuveen Mun. Trust, 692 F.3d at 300. Similarly, and consistently, since the filing of an answer asserting an affirmative defense of an insufficient affidavit of merit triggers both the scheduling conference under Rule 16 and the state law obligation to file an appropriate affidavit of merit, federal case management practice should be the functional equivalent of the Ferreira conference mandated in state courts.

pretrial conference); Local Civ. R. 16.1(a)(1)(directing initial scheduling conference within 60 days of filing of an initial answer); Fed. R. Civ. P. 16(b)(2)(directing issuance of scheduling order as soon as practicable and within 90 days of service and 60 days of a defendant's appearance); Local Civ. R. 16.1(b)(directing entry of scheduling order "at or after the initial conference). Moreover, one express purpose of a Rule 16 conference is to "simplify[] issues . . . and eliminate frivolous . . . defenses[,]" a description certainly broad enough to encompass a Ferreira discussion in substance if not in name. A defendant who does not address that issue when raised, or even of their own accord, at that time may face their own timeliness dilemma.[11]

---

[11] The Court cautions that a defendant is required to advance his challenges to an affidavit of merit early in the case, or he may be equitably estopped from doing so. See Knorr v. Smeal, 836 A.2d 794, 798 (N.J. 2003) ("The equitable remedies that we apply are consistent with and in furtherance of the Legislature's intent in enacting the Affidavit of Merit statute. Defendant suggests that because the Legislature was silent in setting a timeframe for the filing of a motion to dismiss that there are no time limits. We disagree. The stated intent of the statute was to screen out meritless malpractice lawsuits at an early stage in the litigation. The affidavit of merit may have proved useful to defendant early in the case when he needed to know whether there was any validity to the complaint. With defendant's possession of full discovery and an expert's report establishing the merits of plaintiffs' action, an affidavit of merit would have added nothing to defendant's knowledge of the case. Therefore, defendant has no claim of prejudice. For that reason, the Legislature could not have intended to allow an otherwise meritorious claim to proceed indefinitely at great expense to both parties, only to have defendant obtain a

11

If the pretrial conference or scheduling order process does not resolve the issue then the Plaintiff has a ready and timely remedy. Federal Rule of Civil Procedure 56 allows a plaintiff to move for summary judgment on any defense, or part of any defense, Fed. R. Civ. P. 56(a), and may do so at any time, Fed. R. Civ. P. 56(b). Thus, in the context of this case, if Plaintiff wishes the Court to opine on the sufficiency of Dr. Graham's affidavit of merit in the absence of a formal challenge by the defendants, Plaintiff has the option of filing a motion pursuant to Fed. R. Civ. P. 56(a) for partial summary judgment on any affirmative defense,[12] including the defense of Plaintiff's failure to properly comply with the Affidavit of Merit statute.[13] Because neither side has moved for summary judgment on these issues, the present affidavit remains

---

dismissal on procedural grounds that should have been asserted much earlier in the process. We hold that the doctrines of equitable estoppel and laches bar defendant's late motion to dismiss for failure of plaintiffs to file a timely affidavit of merit.").

[12] Because a plaintiff's affidavit of merit is presumptively in compliance with the statute unless successfully challenged by a defendant, a plaintiff has the option of raising, but no obligation to raise, the issue of its sufficiency through a Rule 56(a) motion.

[13] Defendant Dr. Robinson filed his answer to Plaintiff's complaint, and asserted as one of his affirmative defenses Plaintiff's failure to file an appropriate affidavit of merit. (Docket No. 15 at 7.)

12

presumptively in compliance with the statute.  The Court does not, and at this point chooses not to, express any opinion on the sufficiency of Dr. Graham's affidavit.[14]

Consequently, the Court must deny Plaintiff's motion on procedural and not substantive grounds and without prejudice to the filing of any appropriate motion under Federal Rule of Procedure 56.  An appropriate Order will be entered.


Date:   January 23, 2018                s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

[14] The Court recognizes that it has the option of converting Plaintiff's motion *sua sponte* into a motion for summary judgment. Fed. R. Civ. P. 56(f).  Due to the complexities of determining the sufficiency of an affidavit of merit and to allow the parties to frame the issue under Rule 56 as they see fit, the Court refrains from invoking that procedure here. Instead, the issue must be raised, if either party chooses, by following the procedural requirements of Rule 56 and Local Civil Rule 56.1.